IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NCL (BAHAMAS) LTD,

      Plaintiff,

  v.

HEMPEL, A/S, et al.,

      Defendants.
                               /

No. C 07-01385 CW

ORDER DENYING HEMPEL'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

    Defendant and Counter Claimant Hempel A/S (Hempel) moves for leave to file a first amended answer to Plaintiff's complaint. Plaintiff Norwegian Cruise Lines (NCL) opposes the motion. Hempel has not filed a reply. Having considered all the papers filed by the parties, the Court DENIES Hempel's motion.

## BACKGROUND

    On March 9, 2007, Plaintiff filed its complaint against Hempel and other Defendants alleging claims that they negligently repaired Plaintiff's vessel, the M/S Norwegian Star (the Star). On June 27, 2007, Hempel filed its answer and counterclaims for breach of contract against NCL. On August 8, 2007, the Court entered a minute order and case management order in which it set September 28, 2007 as the deadline for adding additional parties or claims, January 24, 2008 as the deadline for hearing case-dispositive motions, March 4, 2008 as the pre-trial conference and March 17, 2008 as the beginning of a five-day court trial. On December 5, 2007, Hempel filed this motion for leave to file its first amended

answer to add an additional defense.

## LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) provides for liberal allowance of amendments to pleadings. However, on August 8, 2007, this Court issued a scheduling order pursuant to Rule 16 requiring that all new claims must be added by September 28, 2007. Plaintiff moved to file an amended answer on December 5, 2007, more than two months after the deadline. Therefore, Rule 16(b) applies.

Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b). Where a schedule has been filed, the plaintiff's ability "to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Therefore, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. Id.

In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party moving for an amendment to a scheduling order must therefore

2

1 show it was diligent in assisting the Court to create a workable
2 schedule at the outset of litigation, that the scheduling order
3 imposes deadlines that have become unworkable notwithstanding its
4 diligent efforts to comply with the schedule, and that it was
5 diligent in seeking the amendment once it became apparent that
6 extensions were necessary.  Id. at 608.

DISCUSSION

In its motion, Hempel indicates that on November 7, 2007, Plaintiff's counsel produced documents in response to Hempel's discovery requests that indicated that Hempel and Plaintiff had executed a Performance Guarantee Contract (the Contract) regarding the repair work performed on the Star.  Hempel indicates that, before these documents were produced by Plaintiff, it was unaware that the Contract had been executed by Plaintiff.  Hempel says that it then obtained a copy of the Contract and ascertained that it contained a provision that provided a limitation of liability that allegedly precludes Hempel's liability for consequential damages, losses or expenses resulting from its work on the Star.  In its amended answer, Hempel wishes to plead the limitation of liability provisions of the Contract as a defense to Plaintiff's negligence claims.  Without providing any rationale, Hempel says that there is no prejudice to Plaintiff from the amendment, and that Hempel has not unduly delayed filing its motion.

Plaintiff, on the other hand, argues that because Hempel drafted the Contract, it was in Hempel's possession and, thus, Hempel knew about the Contract from the inception of this action. Plaintiff points out that Hempel provides no justification for

3

failing to include this defense in its original answer or for failing to move to amend in a timely manner.  Plaintiff argues that it will suffer significant prejudice if Hempel is allowed to amend its answer at this late date because the new defense raises a major new legal issue.  Therefore, Plaintiff argues, it will have to engage in extensive additional discovery and take additional depositions that would significantly expand the scope of the trial.  Because the discovery cutoff is January 16, 2007, Plaintiff argues it will not have the opportunity to conduct the necessary discovery unless both the discovery cutoff date and the trial date are continued.

Because Hempel has not filed a reply, Plaintiff's arguments are undisputed.  This is particularly true because Hempel's original motion is just one page, with bare allegations that are devoid of reasoning.  Hempel also fails to provide a declaration or any evidence to justify its failure to file this motion earlier.

CONCLUSION

Hempel has failed to show good cause under Rule 16(b) to allow leave to file an amended answer at this late date.  Because Hempel does not meet Rule 16(b)'s good cause requirement, the Court need not examine whether amendment is warranted under Rule 15(a). Hempel's motion to amend (Docket # 20) is DENIED.

IT IS SO ORDERED.

Dated: 1/23/08

CLAUDIA WILKEN
United States District Judge

4